# EXHIBIT A

**LAW OFFICES OF MARTIN F. KRONBERG – ATTORNEY ID 262031970**
2414 Morris Avenue, Suite 215, Union, N.J. 07083
(908) 624-1660
**Attorney for Plaintiff**

---

| | |
|---|---|
| SYLVIA HUGGINS, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: HUDSON COUNTY |
| Plaintiff, | : DOCKET NO. HUD-L- |
| vs. | : |
| | : |
| HOME DEPOT and JOHN DOES 1-10, | : CIVIL ACTION |
| | : |
| Defendants. | : COMPLAINT AND JURY DEMAND |

---

Plaintiff, Sylvia Huggins, residing in the City of Jersey City, County of Hudson, and State of New Jersey, complaining of the Defendants, deposes and says:

### FIRST COUNT

1. On or about April 14, 2021, Plaintiff was lawfully on the premises commonly known as Home Depot, 440 Route 440, in the City of Jersey City, County of Hudson, and State of New Jersey.

2. At all times relevant herein, Defendants, Home Depot and John Does 1-10, owned, occupied, operated, maintained and/or controlled said premises in the City of Jersey City, County of Hudson and State of New Jersey.

3. Defendants, Home Depot and John Does 1-10, did so negligently and carelessly own, occupy, operate, maintain and/or control the aforesaid premises so as to cause a dangerous condition to exist thereon.

4. As a direct and proximate result of the negligence and gross negligence of the Defendants, as aforesaid, Plaintiff was caused to be injured due to the aforesaid dangerous condition and was thus caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in her daily routine.

5. In addition, upon knowledge and belief, Defendants have failed to preserve photographic and video evidence pertaining to the condition of the premises and the accident herein, all to Plaintiff's great detriment

entitling Plaintiff to a spoliation charge to the jury as well as damages.

**WHEREFORE**, Plaintiff, Sylvia Huggins, demands judgment against the Defendants, Home Depot and John Does 1-10, jointly, severally or in the alternative, in the amount of her damages together with interest and costs of suit, plus demands that the Court give a Spoliation of Evidence charge to the jury.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a Trial by jury as to all issues.

### NOTICE OF TRIAL COUNSEL

Please take notice that Martin F. Kronberg, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Martin F. Kronberg, PC, pursuant to Rule 4:25 et. seq.

### CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the within matter is not the subject matter of any other action pending in any court or of a pending arbitration proceeding, nor is such action contemplated. The names of all parties who should be presently joined in this action are named in the caption of this Complaint.

**DATED: September 8, 2021**       **By:**       **/s/MARTIN F. KRONBERG**
                                                **MARTIN F. KRONBERG**

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-003517-21**

| | |
|---|---|
| Case Caption: HUGGINS SYLVIA VS HOME DEPOT | Case Type: PERSONAL INJURY |
| Case Initiation Date: 09/08/2021 | Document Type: Complaint with Jury Demand |
| Attorney Name: GREGORY FARRELL KRONBERG | Jury Demand: YES - 6 JURORS |
| Firm Name: MARTIN F. KRONBERG PC | Is this a professional malpractice case? NO |
| Address: 2414 MORRIS AVE STE 215 | Related cases pending: NO |
| UNION NJ 070830000 | If yes, list docket numbers: |
| Phone: 9086241660 | Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO |
| Name of Party: PLAINTIFF : Huggins, Sylvia | |
| Name of Defendant's Primary Insurance Company (if known): Unknown | Are sexual abuse claims alleged by: Sylvia Huggins? NO |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 09/08/2021 | /s/ GREGORY FARRELL KRONBERG |
| Dated | Signed |

# EXHIBIT B

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-003517-21

**Case Caption:** HUGGINS SYLVIA VS HOME DEPOT
**Case Initiation Date:** 09/08/2021
**Attorney Name:** ALICIA LYNNE CALAF
**Firm Name:** MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
**Address:** 425 EAGLE ROCK AVE STE 302 ROSELAND NJ 07068
**Phone:** 7329101969
**Name of Party:** DEFENDANT : HOME DEPOT
**Name of Defendant's Primary Insurance Company (if known):** Sedgwick

**Case Type:** PERSONAL INJURY
**Document Type:** Answer W/CrossClaim W/Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** SYLVIA HUGGINS? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/21/2022
Dated

/s/ ALICIA LYNNE CALAF
Signed

**MARSHALL DENNEHEY**
By: Alicia L. Calaf, Esq. / Attorney I.D. No. 021092004
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎ 973-618-4100    📠 973-618-0685
✉ alcalaf@mdwcg.com
Attorneys for Defendant, Home Depot USA, Inc.

| SYLVIA HUGGINS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HOME DEPOT, and JOHN DOES 1-10,<br><br>　　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.: HUD-L-3517-21<br><br>**CIVIL ACTION**<br><br>**CONSENT ORDER VACATING DEFAULT AND EXTENDING TIME TO ANSWER** |
|---|---|

**THIS MATTER**, having been brought before the Court by Alicia L. Calaf, Esq., of Marshall Dennehey, attorneys for the defendant, Home Depot USA, Inc., and Greg Kronberg, Esq. of Law Offices of Martin F. Kronberg, attorneys for the plaintiff, consenting thereto;

**IT IS** on this　　　　day of　　　　　, 2022;

**ORDERED** that any entry of default as to these this defendant, Home Depot USA, Inc. be and is hereby vacated and this defendant, be and is hereby permitted file an Answer or otherwise plead on or before April 6, 2022; and it is further

**ORDERED** that a copy of this Order shall be served upon all counsel via e-filing.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J.S.C.

We hereby consent to the form
and entry of the above order.

**LAW OFFICES OF MARTIN F. KRONBERG**, Attorneys for Plaintiff

By: _/s/ Greg Kronberg_　　　　　　　　　　　　Dated: 3/10/22
　　　Greg Kronberg, Esq.

**MARSHALL DENNEHEY**, Attorneys for Defendant, Home Depot USA, Inc.

By:　/s/ Alicia L. Calaf　　　　　　　　　　　　Dated: 3/21/22

LEGAL/144856153.v1

42488.00160

**MARSHALL DENNEHEY**
By: Alicia L. Calaf, Esq. / Attorney I.D. No. 021092004
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100    📠973-618-0685
✉ alcalaf@mdwcg.com

BY:   KEVIN E. HEXSTALL, Esq.
Attorney Identification No.:  027911997
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2642
kehexstall@mdwcg.com

ATTORNEYS FOR DEFENDANT - Home Depot U.S.A., Inc. (improperly plead as "Home Depot")

| SYLVIA HUGGINS, | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| Plaintiff, | LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.: HUD-L-3517-21 |
| v. | **CIVIL ACTION** |
| HOME DEPOT, and JOHN DOES 1-10, | **ANSWER WITH CROSSCLAIMS** |
| Defendants. | |

Defendant, Home Depot U.S.A., Inc. (Improperly plead as "Home Depot") through its attorneys, Marshall Dennehey, in response to the Complaint filed by Plaintiff Sylvia Huggins ("Plaintiff"), deposes and says the following:

## FIRST COUNT

1.   Defendant Home Depot U.S.A., Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Count of the Complaint.

2.   Admitted that Defendant Home Depot U.S.A., Inc. occupied and operated the Home Depot located at 440 Route 440 in Jersey City, New Jersey. The remaining allegations contained in paragraph 2 of the First Count of the Complaint are denied.

3. Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 3 of the First Count of the Complaint.

4. Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 4 of the First Count of the Complaint.

5. Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 5 of the First Count of the Complaint.

**WHEREFORE,** Defendant Home Depot U.S.A., Inc. demands that the Court dismiss Plaintiff's Complaint and award Defendant Home Depot U.S.A., Inc. costs of suit, and any other relief that the Court deems just.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Home Depot U.S.A., Inc. owes no duty to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant Home Depot U.S.A., Inc. breached no duty to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, and which are denied, were not caused by any conduct of Defendant Home Depot U.S.A., Inc.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered damages proximately caused by or attributable to Defendant Home Depot U.S.A., Inc.'s conduct.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, as the damages alleged by Plaintiff, if any, and which are denied, were caused by the acts or omissions of others for whom Home Depot U.S.A., Inc. is not responsible or liable.

## SEVENTH AFFIRMATIVE DEFENSE

Benefits paid by a healthcare carrier, Medicare or Medicaid are to be deducted from any award pursuant to N.J.S.A. 2A:15-97 in accordance with the collateral source rule.

## EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages complained of by Plaintiff pre-existed, or were sustained after the incident that is the subject matter of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, in violation of N.J.S.A. 2A:15-59.1.

## TENTH AFFIRMATIVE DEFENSE

The comparative fault of other parties' bars or limits recovery against Defendant Home Depot U.S.A., Inc. under New Jersey's Comparative Negligence Act and New Jersey's Joint Tortfeasor Contribution Law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the collateral source rule.

## TWELFTH AFFIRMATIVE DEFENSE

The doctrine of Avoidable Consequences bars or limits Plaintiff's recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

The damages alleged were due to a condition of which Defendant Home Depot U.S.A., Inc. had no actual or constructive notice.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name all necessary and indispensable parties. Specifically, Plaintiff has not named the City of Jersey City, and this is an indispensable party to the litigation.

### SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and damages complained of were the proximate result of the negligence of third parties over whom Defendant Home Depot U.S.A., Inc. had no control.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The damages alleged were the result of unforeseeable, intervening or superseding acts of others independent of Defendant Home Depot U.S.A., Inc., which bar Plaintiff's causes of action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The injuries and damages complained of were the proximate result of the sole and contributory negligence of Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

The Court has not obtained personal jurisdiction over Defendant Home Depot U.S.A., Inc., as service of the Complaint was improper and defective pursuant to R. 4:4-4.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant specifically denies any and all liability as to punitive damages. Defendant hereby adopts any and all rights and defenses under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9-5.17.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint and causes of action alleged therein are time-barred pursuant to the applicable Statute of Limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The damages alleged were the result of an ongoing storm event which Defendant Home Depot U.S.A., Inc. had no control over.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant Home Depot U.S.A., Inc. reserves the right to raise additional affirmative defenses.

## CROSSCLAIM FOR CONTRIBUTION

Defendant Home Depot U.S.A., Inc. demands contribution from all co-defendants named in the Complaint under the Joint Tortfeasors Contribution Act, as more fully set forth at N.J.S.A. 2A:53-1, et seq.

## CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to plaintiff, Defendant Home Depot U.S.A., Inc. states that if same are found to be so liable, its liability is secondary and imputed and derivative from that of co-defendants, and Defendant Home Depot U.S.A., Inc. hereby demands complete indemnification from co-defendants, including costs and counsel fees.

## CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

Without admitting any liability herein, Defendant Home Depot U.S.A., Inc. asserts that there arises out of its relationship with co-defendant a contractual obligation entitling it to indemnification from co-defendant should liability be found against it.

WHEREFORE, Defendant Home Depot U.S.A., Inc. demands judgment against co-defendant for indemnification of any sum for which it might be found liable.

## ANSWER TO CROSSCLAIMS

Defendant Home Depot U.S.A., Inc. denies the allegations of any and all crossclaims filed or which may be filed against it.

## DEMAND FOR DOCUMENTS

Demand is hereby made upon Plaintiff to furnish within five (5) days of the receipt of this Answer, all documents referenced in the Complaint pursuant to R. 4:18-2, which have not been previously produced in this litigation by Plaintiff to Defendant Home Depot U.S.A., Inc.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(1), demand is hereby made upon Plaintiff to provide supplemental answers to Form "A" Uniform Set of Interrogatories of Appendix II, within the time prescribed by the Rules Governing the Courts of New Jersey. Defendant Home Depot U.S.A., Inc. reserve the right to propound additional supplemental interrogatories under the Rules.

## DEMAND FOR DISCOVERY OF INSURANCE INFORMATION

Pursuant to R. 4:18-1, Defendant Home Depot U.S.A., Inc. hereby demands that Plaintiff furnish all information relative to any insurance coverage Plaintiff may have relating to the claims which are the subject of the within action.

## DEMAND FOR WRITTEN STATEMENT OF DAMAGES

Demand is hereby made upon Plaintiff to furnish within five (5) days of the receipt of this Answer to Complaint, a written Statement of Damages claimed pursuant to R. 4:5-2.

## REQUEST FOR ALLOCATION

Pursuant to R. 4:5-2(c) and Young v. Latta, 123 N.J. 584 (1991), Defendant Home Depot U.S.A., Inc. hereby advises that if any other defendant settles the within matter prior to conclusion of trial, the liability of any settling co-defendants shall remain an issue and this Defendant shall seek an allocation of percentage of negligence by the finder of fact against such a settling co-defendant and/or a credit in favor of this Defendant consistent with such allocation. This Defendant shall rely upon all evidence, including the direct examination and cross-examination of Plaintiff and Plaintiff's expert witnesses and any and all

other witnesses at the time of trial, in support of this allocation and specifically reserves the right to call any and all such witnesses.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Kevin E. Hexstall, Esq. is hereby designated as Trial Counsel in the above captioned matter.

MARSHALL DENNEHEY

Dated: March 21, 2022

/s/ Alicia L. Calaf
Alicia L. Calaf

## CERTIFICATION OF COMPLIANCE WITH R. 1:38-7(C)

I certify that confidential personal identifiers are not contained in any documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

Dated: March 21, 2022

/s/ Alicia L. Calaf
Alicia L. Calaf

## R. 4:5-1 AND R. 4:6-1 CERTIFICATIONS

I hereby certify, pursuant to R. 4:5-1, based upon information which is presently known to me, that this matter in controversy is not the subject of any other court or arbitration proceedings. I further certify that, as of this date, I am not aware of any other parties that should be joined in this action, and investigation is ongoing as to whether other potentially liable parties should be joined in this action, and this pleading may be amended as a result of that investigation. I also certify, pursuant to R. 4:6-1(a), that the within pleading was served within the time period allowed by the Rules Governing the Courts of New Jersey.

Dated: March 21, 2022

/s/ Alicia L. Calaf
Alicia L. Calaf

**MARSHALL DENNEHEY**
By: Alicia L. Calaf, Esq. / Attorney I.D. No. 021092004
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎ 973-618-4100  📠 973-618-0685
📧 alcalaf@mdwcg.com
Attorneys for Defendant, Home Depot USA, Inc.

**FILED**
MAR 24 2022
CHRISTINE M. VANEK, J.S.C.

| SYLVIA HUGGINS, | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| Plaintiff, | LAW DIVISION: HUDSON COUNTY |
| | DOCKET NO.: HUD-L-3517-21 |
| v. | CIVIL ACTION |
| HOME DEPOT, and JOHN DOES 1-10, | CONSENT ORDER VACATING DEFAULT AND EXTENDING TIME TO ANSWER |
| Defendants. | |

**THIS MATTER**, having been brought before the Court by Alicia L. Calaf, Esq., of Marshall Dennehey, attorneys for the defendant, Home Depot USA, Inc., and Greg Kronberg, Esq. of Law Offices of Martin F. Kronberg, attorneys for the plaintiff, consenting thereto;

**IT IS** on this 24th day of March, 2022;

**ORDERED** that any entry of default as to these this defendant, Home Depot USA, Inc. be and is hereby vacated and this defendant, be and is hereby permitted file an Answer or otherwise plead on or before April 6, 2022; and it is further

**ORDERED** that a copy of this Order shall be served upon all counsel via e-filing.

*The discovery end date shall be 2/6/23*

_Christine M. Vanek_ J.S.C.

We hereby consent to the form and entry of the above order.

**LAW OFFICES OF MARTIN F. KRONBERG**, Attorneys for Plaintiff

By: _____  Dated: 3/10/22
Greg Kronberg, Esq.

**MARSHALL DENNEHEY**, Attorneys for Defendant, Home Depot USA, Inc.

By: /s/ Alicia L. Calaf  Dated: 3/21/22

LEGAL/144856153.v1